## GUIDRY v. BREAUX et al.
### No. 1566.

Court of Appeal of Louisiana. First Circuit.
Dec. 31, 1935.

C. A. Blanchard, of Morgan City, for appellant.

Wallis & Butler, of Houma, for appellees.

LE BLANC, Judge.

The plaintiff, Isaac J. Guidry, and one of the defendants herein, Harris Breaux, engaged in an altercation on the evening of August 29, 1934, in which Harris Breaux was plainly the aggressor, as held by the district judge. Guidry was rather severely hurt in the assault on him by Breaux who struck him with a picket which he had pulled from a fence in front of the yard in which Guidry had retreated. In the affray, either from the lick from the picket or from a kick Breaux had given him after shoving him in a ditch along the road at the place where the difficulty started, Guidry suffered a fractured rib and one of his kidneys was bruised. He claims also to have sustained lesser bruises and lacerations about the head and body. He incurred medical and other expenses in connection with his injuries which, in this suit brought by him for damages, he fixes at $178.75. For the pain and suffering caused by his various injuries he seeks a total of $4,000; for humiliation and mental anguish, the sum of $500, and for whatever of his injuries will remain permanent, $1,000. His total demand therefore is for $5,678.75.

In his petition, whilst he alleges that the major part of his injuries were inflicted upon him by Harris Breaux, the latter was aided, assisted, and abetted in the assault committed by Harry Breaux and Hughes Breaux, both of whom he impleads as parties defendant along with the other, and prays for judgment in solido against all three.

Harris Breaux, for answer, pleads that he struck plaintiff with the picket in self-defense. He avers that it was plaintiff who provoked the difficulty and attacked him with a pocketknife. In separate answers the two other defendants deny that they participated in any manner in the altercation.

The lower court rendered judgment in favor of the plaintiff and against Harris Breaux in the sum of $468.75. The demand as against Harry Breaux and Hughes Breaux was rejected and the suit dismissed in so far as directed against them. Plaintiff appealed and complains of the judgment in respect to the dismissal of his suit as against Harry and Hughes Breaux and also as to the amount of the award. The district judge allowed $118.75 for medical and other expenses incidental to plaintiff's treatment, $300 for his pain and suffering and $50 for humiliation and mental anguish. As we understand counsel, plaintiff does not complain about the award of $118.75 but contends that for the other items, he should receive a total of $1,000 more than allowed in the judgment. In other words, he asks that the amount be increased to the sum of $1,468.75.

The defendant Harris Breaux has not answered the appeal, and, in brief before this court, his counsel states that the judgment of the district court should be sustained in toto. We take this to mean that as far as this defendant is concerned, therefore, the question of liability is settled, and there remains only before us the question as to the liability of his codefendants, and that as to the amount of the award.

■ We find no difficulty in agreeing with the district judge that Harry Breaux and Hughes Breaux were not present at the beginning of the encounter between Harris Breaux and the plaintiff and that neither participated in it at any stage in such manner as to make him an accessory to the assault. They were attracted to the road by the cries and commotion which they thought were occasioned by an automobile accident. After seeing what was really taking place and that plaintiff had a knife drawn on Harris Breaux, it seemed but natural that Harry Breaux, who is his father, and Hughes Breaux, who is his brother, should have remained to see what the outcome might be. We think that that is a natural impulse which would have prompted any person so related to another who is engaged in an active fight. The evidence, however, shows that neither, at any time, made an overt act or encouraged Harris Breaux in any way by word or deed. It is our impression of the law on the subject, that mere presence of another at an assault without at least some encouragement to one of the participants, either by word or act, does not make him an abettor and liable in damages to the victim in a civil action. In 5 Corpus Juris, page 627, the rule is stated as follows: "Mere presence of a person, however, when an assault and battery is committed by another, even though he mentally approves the same, but without encouragement of it by word or sign, is not sufficient of itself to charge him as a participator in the assault."

On the question as to the liability of Harry and Hughes Breaux, therefore, the judgment of the lower court is correct in rejecting the plaintiff's demand, and will, in that respect, be affirmed.

■■ On the question of quantum, however, we find ourselves in disagreement with the trial judge and find that the amount allowed plaintiff for damages for pain and suffering is insufficient. For suffering a fractured rib and injury to one of his kidneys, even though it appears that plaintiff has recovered from the ill effects of both, we think that an award of $500 is more in line with what the courts have allowed than the amount of $300, as decreed in the judgment below. The $50 allowed for humiliation and mental anguish will be allowed to stand.

The judgment will therefore be amended by increasing the amount in accordance with these views.

It is, for the reasons stated, now ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, amended by increasing the amount thereof from the sum of $468.75 to the sum of $668.75, and that, as thus amended, it be affirmed.